FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2019 APR -2 PM 2:22

CLERK M. [signature]
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

In re:

TIMOTHY JERMAINE PATE a/k/a
AKENATEN ALI

_____

UNITED STATES OF AMERICA,

    Plaintiff-Intervenor,

v.

Timothy Jermaine Pate a/k/a
Akenaten Ali,

    Defendant.

CV 118-100
(UNDER SEAL)

**O R D E R**

Before the Court is the Government's Motion for Declaratory and Injunctive Relief. (Doc. 5.) For the reasons herein, the Government's motion is **GRANTED IN PART** and the Court **RESERVES JUDGMENT IN PART**.

**I. BACKGROUND**

The facts giving rise to this action are well documented in the Court's Order dated January 8, 2019 (January 8, 2019 Order, Doc. 9), and the Order of the United States Bankruptcy Court for the Southern District of Georgia. (Miscellaneous Proceeding, No. 18-00101.) Since initiating involuntary chapter 11 proceedings

against five government officials,[1] Defendant Timothy Jermaine Pate ("Defendant") has increased his meritless filings. Defendant threatened and filed frivolous liens against three additional government officials. (Compl., Doc. 12, ¶ 9; Government's Mot. for Declaratory and Injunctive Relief, Doc. 5, at 3.) The Government intervened and requests declaratory and injunctive relief declaring Defendant's asserted liens null and void and prohibiting Defendant from filing liens in the future.

**II. DISCUSSION**

**A. Validity of Liens**

"[T]he abusive practice of prisoners filing baseless liens and/or UCC financing statements for the purpose of harassment and credit impairment of the alleged debtor (almost always a state or federal official involved with securing the prisoner's incarceration) is well documented." Torres v. Fla. Dep't of Corr., 742 F. App'x 403, 407 n.1 (11th Cir. 2018). As this District previously stated, "It is by now established beyond dispute that the United States may request the assistance of Article III courts to protect its officials from attempts at harassment, intimidation, and extortion in the form of 'liens' commonly filed by tax protesters and prisoners." United States v. Barker, 19 F.

---

[1] The Court is not disclosing the names of the government officials. (January 8, 2019 Order, at 1 n.1.)

Supp. 2d 1380, 1383 (S.D. Ga. 1998). "Every court to consider the validity of such documents has held them invalid." Id.

Here, Defendant's liens are precisely the type that courts throughout the country have repeatedly declared invalid. The "liens have no basis in federal or state law." Id. at 1384; see also O.C.G.A. § 44-14-320. As the United States Bankruptcy Court for the Southern District of Georgia already concluded, Petitioner's filings are "odious, frivolous, abusive and intended to intimidate, harass, injure, and damage the individuals and destroy or harm their financial standing and personal reputation." (Miscellaneous Proceeding, No. 18-00101.) This Court agrees.

Initially, Defendant offers no evidence that he obtained any type of judgment against any of the officials named. Further, to the extent Defendant contends he may assert liens against officials performing their official duties, he is mistaken. "Federal judges and prosecutors are *absolutely* immune from damages liability under federal and state law for actions taken in performance of judicial or prosecutorial duties." United States v. McKinley, 53 F.3d 1170, 1172 (10th Cir. 1995) (emphasis in original). Finally, there is no support in state or federal law for Defendant's assertion that a failure to respond to a lien amounts to acceptance of the debt. See United States v. James, No. 5:14-cv-387-Oc-30TBS, 2014 WL 5178880, at *3 (M.D. Fla. Oct. 14, 2014). Defendant's largely incoherent Affidavit in response (Doc. 7) to the Government's

motion does nothing to legitimize his actions, and the liens are invalid.

**B. Declaratory Judgment**

Pursuant to the Declaratory Judgment Act, "[A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a). Before a valid declaratory judgment may be entered, "the facts alleged, under all the circumstances, [must] show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007). Said another way, the dispute should be:

> [D]efinite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

Id. (internal quotation marks and citation omitted).

1. <u>Defendant's Liens are Null and Void</u>

The frivolous lien issue is ripe for declaratory determination. The potential injury to the government officials is not "speculative." See Emory v. Peeler, 756 F.2d 1547, 1552 (11th Cir. 1985). Rather, the bogus filings create a real and definite harm to the officials' financial standing. See id.

4

Moreover, the United States' legal interests are directly at odds with Defendant's. The Government has an obligation to protect not only government officials, but also the people of the United States: "[T]he American citizens at large suffer when our public officials are not able to perform their duties free of harassment and attempts at extortion." Barker, 19 F. Supp. 2d at 1384. Finding no justification in law for Defendant's filings, all liens filed by Defendant against any government officials are null, void, and of no legal effect.

2. Remaining Relief Requested

In addition to a judgment declaring all asserted liens null and void, the Government asks the Court to (1) Expunge all liens filed by Defendant; (2) Enjoin Defendant from filing future liens; and (3) Prohibit Defendant from filing future civil actions. (Compl., ¶¶ 21-32.) The United States Supreme Court has determined that "[a] declaratory judgment can . . . be used as a predicate to further relief, including an injunction." Powell v. McCormack, 395 U.S. 486, 499 (1969). 28 U.S.C. § 2202 allows a court to grant "[f]urther necessary or proper relief based on a declaratory judgment" following "reasonable notice and hearing." In accordance with section 2202, the Court reserves judgment as to additional relief until after the hearing scheduled below.

## III. CONCLUSION

Based on the foregoing, it **IS HEREBY ORDERED** that the Government's Motion for Declaratory and Injunctive Relief (Doc. 5) is **GRANTED IN PART** and the Court **RESERVES JUDGMENT IN PART**. The Court **DECLARES** that all liens, UCC-1 Financing Statements, and all other debt instruments filed by Defendant against any government officials with any federal or state court or agency in the United States are null, void, and of no legal effect. The Clerk is directed to **ENTER JUDGMENT** in favor of the Government on **COUNT I** of the Government's Complaint (Doc. 12).

The Court **FURTHER ORDERS** that a hearing will be held in the Second Floor Courtroom of the United States District Court located at 600 James Brown Boulevard, Augusta, Georgia 30901 on **TUESDAY, MAY 7, 2019, at 10:00 a.m.** regarding the Government's further requested relief. The Court reserves judgment on additional relief until after the scheduled hearing.

**ORDER ENTERED** at Augusta, Georgia, this 2nd day of April, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA